U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 5 2014

CLERK, U.S. DISTRICT COURT
By
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA M. GALLEGOS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-1344-N |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Lisa M. Gallegos ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for supplemental security income under Title XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the District Court should AFFIRM the Commissioner's decision.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments, including memory loss, bipolar disorder, mood swings, low energy level, and problems sleeping. *See* Tr. [D.E.13-5 at 173-74]. Plaintiff was hospitalized due to a stroke in June of 2005. *See id.* [D.E.13-5 at 176]. Plaintiff has experienced weakness in her left arm and hand and slurred speech as a result of her stroke. *See id.* [D.E.13-5 at 179]. Plaintiff has also been hospitalized numerous times for numbness in her arm. *See id.* [D.E.13-5 at 178]. After her application for supplemental security income was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on October 16, 2007 in Fort Worth, Texas before ALJ Jack W. Raines ("ALJ Raines"). *Id.* [D.E.13-5 at 166]. At the time of the hearing, Plaintiff was 35 years old. *Id.* [D.E.13-5

at 168]. Plaintiff has an eighth grade education. *Id.* [D.E.13-5 at 169]. Plaintiff has worked in the past as a cashier at Wal-Mart, Auto Zone, and Taco Bell and in the shipping and receiving department of a mortgage company. *Id.* [D.E.13-5 at 169-71]. Plaintiff also did food preparation at Taco Bell. *Id.* [D.E.13-5 at 171]. Plaintiff has not engaged in substantial gainful activity since June 24, 2005. *Id.* [D.E. 13-5 at 166].

The Vocational Expert ("VE") testified that Plaintiff could not perform her past relevant work as a cashier/checker but could work as an order clerk, a hand mounter, and an optical goods assembler. *See id.* [D.E. 13-5 at 187-88]. The characteristics of the hypothetical individual posed by the ALJ to the VE with Plaintiff's age, education and vocational history were as follows: (1) occasionally lift and carry ten pounds; (2) frequently lift and carry no more than ten pounds; (3) stand and walk at least two hours in an eight hour day; (3) sit about six hours in an eight-hour day; (4) no climbing of scaffolds, ropes or ladders; (5) no balancing; (6) occasional kneeling, crouching, crawling, and stooping; (7) no manipulative limitations; (8) no visual or communication limitations; (9) no work around hazardous, moving machinery; (10) no work at unprotected heights; (11) capable of understanding, remembering and carrying out only simple and short instructions in a simple and routine work environment; (12) could make judgments on simple, work-related decisions; and (13) can interact appropriately with supervision, coworkers, and usual work pressures in a simple and routine work environment. *See id.* [D.E. 13-5 at 187]. The VE testified that an additional restriction of marked limitation in the ability to understand, remember, and carry out detailed instructions could have some impact on the job of order clerk. *See id.* [D.E. 13-5 at 189]. Further, the VE testified that the additional restrictions of a moderate limitation (between 25 to 33.3 percent) in the ability to: (1) perform activities within a schedule; (2) maintain attendance and be punctual; (3) function without

2

special supervision; (4) work in proximity or in coordination with others without being distracted; (5) complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; (6) accept instructions or respond appropriately to criticism from supervisors; or (7) interact appropriately with the general public would preclude employment as an order clerk, a hand mounter and an optical goods assembler. *See id.* [D.E. 13-5 at 189-92]. Further, the VE testified that the additional restriction of having to lie down for several hours during the course of the day due to fatigue would also preclude employment in those occupations. *See id.* [D.E. 13-5 at 192]. If the additional restriction of only occasional use of the non-dominant left hand is imposed, the VE testified that the optical goods assembler and hand mounter positions would be precluded and the order clerk position would probably be reduced by up to 50 percent. *See id.* [D.E. 13-5 at 192-93].

On December 26, 2007, ALJ Raines issued a decision finding Plaintiff not disabled. *See id.* [D.E. 13 at 79]. The ALJ determined that while Plaintiff has a severe combination of systemic lupus, bipolar disorder, multiple cerebrovascular accidents, and obesity, Plaintiff does not have a medically determinable impairment or combination of impairments that meets or medically equals any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See id.* [D.E. 13 at 80]. ALJ Raines determined that Plaintiff retained the RFC over a sustained period of time to occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk for at least 2 hours in an 8 hour workday, and sit for about 6 hours in an 8 hour workday, further limited by no climbing of ladders, ropes or scaffolds, no balancing, and only occasional kneeling, crouching, crawling, or stooping, but with no manipulative or visual/communicative limitations and with the ability to understand, remember and carry out short, simple instructions and make judgments on

3

simple work-related decisions in jobs that require no work around hazardous, moving machinery or unprotected heights. *See id.* [D.E. 13 at 81]. While ALJ Raines determined that Plaintiff could not perform her past relevant work, he determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that she could perform. *See id.* [D.E. 13 at 85]. ALJ Raines determined that Plaintiff could perform the jobs of order clerk, hand mounter, and optical goods assembler. *See id.* [D.E. 13 at 86]. Plaintiff appealed that decision to the Appeals Council and the matter was remanded for further proceedings. *Id.* [D.E. 13 at 58].

In the Order Remanding Case, the Appeals Council determined that while ALJ Raines' decision concluded that Plaintiff could perform the jobs of order clerk, hand mounter, and optical goods assembler with some postural and environmental limitations while limited to carrying out short, simple instructions and making judgments on simple work-related decision at the sedentary level, the ALJ did not address the State Agency's findings of moderate limitations in some items of section B (sustained concentration and persistence) and Section C (social interaction) which the VE indicated would eliminate some of the jobs identified or could preclude Plaintiff from working. *See id.* [D.E. 13 at 59]. In addition, the Appeals Council determined that ALJ Raines did not address the State Agency's opinion regarding marked limitations in Plaintiff's understanding, remembering and ability to carry out detailed instruction. *See id.* [D.E. 13 at 59]. Further, the Appeals Council determined that the ALJ's decision did not resolve the inconsistency between the VE's testimony that the job of order clerk has a Standard Vocation Preparation ("SVP") of 3 in the Dictionary of Occupational Titles ("DOT") and the DOT which indicates that the job may require up to 3 months of training. *See id.* [D.E. 13 at 59]. In addition, the Appeals Council noted that ALJ Raines did not

4

address the testimony of Plaintiff's spouse in his decision. *See id.* [D.E. 13 at 59].

Upon remand, the ALJ was directed to: (1) give further consideration to the non-examining source opinion pursuant to 20 CFR 416.927(f) and SSR 96-6p and explain the weight given to such opinion evidence; (2) address Plaintiff's husband's testimony; (3) give further consideration to Plaintiff's maximum RFC and provide appropriate rationale with specific references to evidence in the record in support of the assessed limitations; (4) obtain supplemental evidence from a VE to clarify the effect of the assessed limitations on Plaintiff's occupational base where the hypothetical questions reflect the specific capacity/limitations established by the record as a whole, and prior to relying on the VE's evidence, identify and resolve any conflicts between the occupational evidence provided by the VE and the information in the DOT. *See id.* [D.E. 13 at 60].

On February 17, 2011, a supplemental hearing was held before ALJ Michael E. Finnie ("ALJ Finnie"). *See id.* [D.E. 13-5 at 196]. The medical expert, Dr. Betty Feir ("ME") testified that Plaintiff has a borderline range of intellectual functioning with an overall full-scale IQ of 71. *See id.* [D.E. 13-5 at 207]. ALJ Finnie posed a hypothetical individual, with the same age, education and work experience as Plaintiff with the following characteristics/limitations: (1) a RFC which permits simple, routine tasks consisting of unskilled work; (2) no more than occasional contact with the general public and a light RFC; (3) able to perform jobs requiring the ability to occasionally lift and carry 20 pounds, frequently lift and/or carry 10 pounds, stand and walk for 6 hours in an 8 hour day and sit for 6 hours in an 8 hour day with normal breaks and rest periods; (4) have no limitations with regard to pushing, pulling and operation of hand or foot controls; (5) have no exposure to extreme cold or extreme heat; (6) occasional climbing of ramps and stairs; (7) occasional balancing, stooping, kneeling, and crouching; and (8) no climbing of ladders, ropes, or scaffolds. *See id.* [D.E. 13-5 at

233-34]. The VE testified that such an individual could work as an inspector, sorter (such as a potato chip sorter), a street cleaner, or a garment bagger. *See id.* [D.E. 13-5 at 234]. The VE testified that there is no difference in the manner he considered these jobs as compared to the restrictions in the DOT. *See id.* [D.E. 13-5 at 234]. The VE also testified that if the same hypothetical individual was: (1) limited to simple, routine tasks involving sedentary work; (2) with no more than occasional contact with the general public; (3) occasional lifting and carrying of ten pounds; (4) frequent lifting and carrying less than ten pounds; (5) standing and walking at least two hours in an eight hour day; (6) sitting for six hours in an eight hour day with normal breaks and rest periods, along with the previously indicated restrictions, such an individual could work as an assembler, cuff folder, or a nut sorter. *See id.* [D.E. 13-5 at 234]. The VE further testified that if that individual: (1) missed three or more days of work per month on a regular basis; (2) experienced pain or other symptoms severe enough to constantly interfere with attention and concentration needed to perform simple work tasks; (3) have a significant limitation in processing speed; (4) have a substantial impairment in working memory; (5) have a significant limitation in the ability to respond appropriately to usual work situations and to changes in a routine work setting; (6) was significantly impaired in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, such interferences could preclude these jobs. *See id.* [D.E. 13-5 at 235-39].

On July 28, 2011, ALJ Finnie issued an unfavorable decision. *See id.* [D.E. 13 at 44]. ALJ Finnie determined that while Plaintiff has the following severe impairments, systemic lupus erythematosus, history of cerebrovascular accident, history of transient ischemic attack, mitral valve disorder, hypertension, antiphospholipid syndrome, affective disorder, bipolar disorder, borderline

intellectual function, and a history of alcohol abuse, Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *See id.* [D.E. 13 at 46]. The ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 CFR 416.967(b), but limited to simple, routine tasks with: (1) no more than occasional contact with the general public; (2) lift and carry twenty pounds occasionally and ten pounds frequently; (3) stand and walk for six hours out of an eight hour work day and sit for six hours out of an eight hour work day; (4) occasionally climb ramps and stairs and balance, stoop, kneel, and crouch; (5) not climb ladders, ropes, or scaffolds; and (6) avoid extreme cold and heat. *See id.* [D.E. 13 at 48].

ALJ Finnie determined that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements regarding the intensity, persistence and limiting effects of those symptoms are not credible to the extent that they are inconsistent with the RFC assessment. *See id.* [D.E. 13 at 52]. ALJ Finnie indicated that while he does not doubt that Plaintiff experiences some difficulty, her testimony regarding her impairments and their impact on her ability to work was not totally credible in light of the treating and examining practitioners' reports and findings, Plaintiff's medical history, and Plaintiff's statements regarding her ability to work. *See id.* [D.E. 13 at 52]. ALJ Finnie noted that Plaintiff provided inconsistent information regarding her alcohol use and that such inconsistency suggests that Plaintiff's allegations regarding her impairments may similarly be unreliable. *See id.* [D.E. 13 at 53]. ALJ Finnie was not persuaded that Plaintiff's mental symptomatology is debilitating or unmanageable to preclude the performance of simple routine tasks consistent with unskilled work. *See id.* [D.E. 13 at 53]. Further, ALJ Finnie observed Plaintiff's limited work history, and notes documenting that she had no desire

7

to seek employment given her husband's employment and commented that this raised a question regarding her motivation to work regardless of her alleged disabilities. *See id.* [D.E. 13 at 53]. Therefore, ALJ Finnie determined that Plaintiff could perform a modified range of light work. *See id.* [D.E. 13 at 55]. Relying on the testimony of the VE, the ALJ determined that Plaintiff could perform the occupations of inspector, street cleaner and garment bagger. *See id.* [D.E. 13 at 55].

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

    (1)    an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

    (2)    an individual who does not have a "severe impairment" will not be found to be disabled;

    (3)    an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

    (4)    if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled"

will be made; and

(5)   if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

9

Absent an error that affects the substantial rights of a party, administrative proceedings do

not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D.

Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors

affect substantial rights of a party only when the errors "cast into doubt the existence of substantial

evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

Remand is required where there is a realistic possibility that the ALJ would have reached a different

conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010).

Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ

follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at

*7 (N.D. Tex. June 3, 2013).

## ANALYSIS

Plaintiff's appeal raises the following issues:

1.  Whether the ALJ properly considered all of Plaintiff's vocationally significant functional limitations in determining Plaintiff's RFC; and

2.  Whether the ALJ properly considered medical opinion evidence in determining Plaintiff's functional abilities.

*See* Pl.'s Br. [D.E. 15 at 2].

### 1. Consideration of Plaintiff's Functional Limitations

Plaintiff contends that ALJ Finnie failed to note the specific functional limitations reported

by Dr. Lawrence Sloan in his psychological evaluation. *See* Pl.'s Br. [D.E. 15 at 15]. Plaintiff

contends that while ALJ Finnie did not find that Plaintiff had any limitations with respect to her

immediate or short-term memory in his RFC assessment, Dr. Sloan diagnosed an amnestic disorder

and Plaintiff has complained of and has been noted as having memory loss in the past. *See id.* [D.E.

15 at 15]. Therefore, Plaintiff argues that the record establishes a significant impairment of memory

which ALJ Finnie failed to consider and include in evaluating Plaintiff's RFC and functional

limitations. *See id.* [D.E. 15 at 15]. Plaintiff notes the testimony of the VE stating that substantial

impairment in working memory could adversely affect performance of the jobs he described and the

ME's opinions that Plaintiff's processing speed was in the borderline range and that Plaintiff would

not do well on tasks that involve time constraints based upon Dr. Sloan's tests. *See id.* [D.E. 15 at

15]. In addition, Plaintiff contends that ALJ Finnie's finding that there is no medical evidence of

physical manifestations or psychological or behavioral abnormalities associated with dysfunction

of the brain even though Plaintiff sustained a cerebral vascular infarction/transient ischemic attack

is inconsistent with the evidence. *See id.* [D.E. 15 at 15]. Further, Plaintiff contends that the record

demonstrates that Plaintiff has anxiety and suffers from panic episodes, but ALJ Finnie never

considered the effect of anxiety upon the Plaintiff's perception of symptoms or upon her ability to

perform work-related activities. *See id.* [D.E. 15 at 16-17]. Plaintiff contends that ALJ Finnie should

have also discussed her obesity. *See id.* [D.E. 15 at 17].

      The Commissioner contends that ALJ Finnie's analysis reveals a thorough consideration of

the medical evidence and medical opinions and appropriate assessments of Plaintiff's impairments

and RFC. *See* Def.'s Br. [D.E. 16 at 4]. With respect to Plaintiff's argument that ALJ Finnie erred

by not including limitations in his RFC finding for her alleged memory loss, the Commissioner

points to Dr. Sloan's note that Plaintiff's thought process was logical and goal directed and that she

was alert and oriented to person, place, date, and situation and that her concentration was normal.

*See id.* [D.E. 16 at 4]. The Commissioner further notes that Dr. Sloan also observed that Plaintiff's

immediate and long-term memory were intact, her working memory was impaired, and that her short-term memory was "possibly" markedly impaired. *See id.* [D.E. 16 at 4-5]. However, the Commissioner contends that the ME addressed these findings and explained why they were inconsistent with sophisticated testing. *See id.* [D.E. 16 at 5]. The Commissioner points out that while Plaintiff was unable to solve a simple math problem, she scored 88 on the math computation portion of the Wechsler Adult Intelligence Scale ("WAIS") and the ME suspected that Plaintiff's nervousness at the evaluation may have made it difficult for her to calculate the simple math problem that should not have been difficult for her based on her performance on the much more difficult math problems in the WAIS. *See id.* [D.E. 16 at 5]. Moreover, Plaintiff performed well on the "working memory" portion of the WAIS test. *See id.* [D.E. 16 at 5]. The Commissioner also points out that the ME explained that the test Dr. Sloan administered is not a very reliable test of short-term memory. *See id.* [D.E. 16 at 5]; Tr. at [D.E. 13-5 at 211]. The Commissioner contends that the medical evidence consistently demonstrated that Plaintiff was a good historian and did not have problems relating pertinent facts from her medical history to treatment providers, Plaintiff's remote and recent memory were consistently intact,and Plaintiff's treatment providers consistently observed that her cognitive functioning was intact. *See id.* [D.E. 16 at 5-6]. The Commissioner contends that ALJ Finnie provided for any memory issues and difficulties in processing speed Plaintiff may have had in his RFC assessment by limiting her to simple, routine tasks. *See id.* [D.E. 16 at 6].

With respect to Plaintiff's argument that ALJ Finnie erred in stating that there was no medical evidence of physical manifestation or psychological or behavioral abnormalities associated with dysfunction of the brain when she sustained a cerebral vascular infarction/transient ischemic attack, the Commissioner contends that as the ALJ noted, repeated studies and images of Plaintiff's

brain show no acute intracranial pathology and the record contains no evidence of any ongoing treatment or residual effects from the condition. *See id.* [D.E. 16 at 7]. The Commissioner contends that Plaintiff's subjective complaints must at least in part be corroborated by objective evidence. *See id.* [D.E. 16 at 7]. Further, the Commissioner points out that while the ME speculated about the effects of Plaintiff's stroke, she did not definitely opine that it resulted in negative symptoms. *See id.* [D.E. 16 at 7].

With respect to Plaintiff's argument that ALJ Finnie failed to accommodate her anxiety, panic episodes, and obesity in his RFC findings, the Commissioner contends that there is no evidence that anxiety, panic episodes, or obesity caused her any functional limitations. *See id.* [D.E. 16 at 7]. The Commissioner contends that rather than citing any medical records that support her claims that anxiety, panic episodes, and obesity caused significant side-effects during the relevant time period, Plaintiff cites a normal carotid doppler study, a normal echocardiogram, her own subjective statements, and a form completed by a physician at the request of her attorney. *See id.* [D.E. 16 at 8]. The Commissioner contends that ALJ Finnie's duty to investigate does not extend to possible disabilities that are not alleged by Plaintiff and not clearly indicated on the record. *See id.* [D.E. 16 at 8]. Further, the Commissioner states that while it is not disputed that Plaintiff experiences some limitations, in order to establish disability, she must show that she has a functional impairment that precludes substantial gainful activity which she has not done. *See id.* [D.E. 16 at 8].

As the Commissioner contends, ALJ Finnie's analysis sufficiently considered the medical evidence, Plaintiff's impairments, and her RFC. The fact that Dr. Sloan diagnosed an amnestic disorder and Plaintiff complained of and has been noted as having memory loss in the past, does not mean that the record establishes a significant impairment of memory. In addition, with respect to

Plaintiff's argument that ALJ Finnie erred in stating that there was no medical evidence of physical manifestation or psychological or behavioral abnormalities associated with dysfunction of the brain when she sustained a cerebral vascular infarction/transient ischemic attack, as the Commissioner points out, repeated studies and images of Plaintiff's brain show no acute intracranial pathology and the record contains no evidence of any ongoing treatment or residual effects from the alleged condition. Plaintiff's subjective complaints must be corroborated by objective evidence. *See Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991). Similarly, with respect to Plaintiff's argument that ALJ Finnie failed to accommodate her anxiety, panic episodes, and obesity in his RFC findings, as the Commissioner points out, there is no evidence that anxiety, panic episodes, or obesity caused her any functional limitations. "[T]he ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Walker v. Astrue*, No. 4:11-CV-680-A, 2011 WL 2989947, at *9 (N.D. Tex. June 1, 2011). In sum, because the ALJ's decision is supported by substantial evidence, the Commissioner's decision should not be reversed on this ground.

2. <u>Proper Consideration of Medical Opinion Evidence</u>

Plaintiff argues that ALJ Finnie failed to properly consider the medical opinion evidence because his RFC assessment is inconsistent with the physician opinions which the ALJ based his decision upon. *See* Pl.'s Br. [D.E. 15 at 18-19]. Plaintiff contends that while Dr. Rushing opined that Plaintiff can neither stand nor walk for more than 4 hours each in an 8 hour work day, and did not report any weight which Plaintiff can lift or carry on a frequent basis, the ALJ found that Plaintiff can perform light work which is inconsistent to the extent that the full range of light work requires standing or walking for a total of 6 hours in an 8 hour workday. *See id.* [D.E 15 at 19]. Further, Plaintiff contends that ALJ Finnie's RFC finding is contrary to Dr. Rushing's assessment that

Plaintiff cannot perform the full range of light work. *See id.* [D.E 15 at 19]. Plaintiff also asserts that

the state agency medical consultant determined that Plaintiff was significantly limited in her ability

to complete a normal work day and work week without interruptions from psychologically based

symptoms and to perform at a consistent pace without an unreasonable number and length of rest

periods and that she was limited to the same extent with regard to her ability to accept instructions

and respond appropriately to criticism from supervisors. *See id.* [D.E 15 at 20]. Therefore, having

relied upon the opinion expressed by the state agency medical consultant in formulating his RFC

determination, Plaintiff contends that ALJ Finnie failed to recognize that the limitations found by

the consultant would preclude her from maintaining employment in the jobs he listed. *See id.* [D.E

15 at 21]. Plaintiff also contends that ALJ Finnie failed to consider the limitations reported by Dr.

Sloan who found that Plaintiff was moderately limited in her ability to respond appropriately to usual

work situations and changes in a routine work setting given that the VE testified that such limitations

would impair the ability to be supervised by others and that a significant limitation would preclude

the ability to perform work. *See id.* [D.E 15 at 21].

The Commissioner argues that ALJ Finnie properly considered the medical opinion evidence

in the record because Dr. Rushing opined that Plaintiff could perform a limited range of light work,

the state agency physician opined that Plaintiff was capable of unskilled work and Dr. Sloan opined

that Plaintiff could understand, remember, and carry out simple instructions. *See* Def.'s Br. [D.E. 16

at 9]. The Commissioner contends that while Plaintiff appears to argue that ALJ Finnie's RFC

findings must mirror the opinions of Dr. Rushing and the state agency physician, which is not the

case, ALJ Finnie indicated that their opinions provided a basis for his own findings that Plaintiff had

the RFC for a range of light and unskilled work. *See id.* [D.E. 16 at 9]. The Commissioner argues

that ALJ Finnie has the sole responsibility for evaluating Plaintiff's RFC based on the record as a whole and that the final responsibility for determining Plaintiff's RFC and the ultimate question of whether an individual is disabled under the Act are issues reserved to the Commissioner pursuant to 20 C.F.R. § 416.927. *See id.* [D.E. 16 at 9-10].

ALJ Finnie did not determine that Plaintiff was capable of the full range of light work as the Plaintiff contends. Rather, ALJ Finnie determined that Plaintiff's "ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations," and that in order to "determine the extent to which these limitations erode the unskilled, light occupational base," ALJ Finnie sought the opinion of the VE. *See* Tr. [D.E. 13 at 55]. Here, the record supports ALJ Finnie's finding that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Therefore, because ALJ Finnie's decision is supported by substantial evidence, the Commissioner's decision should not be reversed on this ground.

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, this 5 day of September 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

17